```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

BRENDA T. PETREY, o/b/o
BRIAN PETREY,

                Plaintiff,

vs.                               Case No. 13-1472-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.

MEMORANDUM AND ORDER

    This is an action seeking review of the final decision of the Commissioner of Social Security that plaintiff was not disabled (Doc. 1).  Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 3).  Plaintiff filed a response brief on July 3, 2014 (Doc. 13), and a reply brief was filed on July 17, 2014 (Doc. 14).  Defendant seeks to dismiss the complaint because it was not filed within 60 days from the date of receipt of the notice of the Appeals Council action (Doc. 3 at 2).

**I.  Was the complaint timely filed?**

    42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The civil action seeking judicial review must be filed within sixty (60) days

after the mailing to the party of such decision or within such further time as the Commissioner may allow.  The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

    The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner....
>
> (c) Time for instituting civil action. **Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual**, institution, or agency, **except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary**.

20 C.F.R. § 422.210(a, c, emphasis added).  Plaintiff can request an extension of time to file her action in federal district court.  20 C.F.R. §§ 404.982, 416.1482.

It is undisputed that the notice of the Appeals Council action is dated October 17, 2013 (Doc. 3-1 at 21). Plaintiff filed her complaint on December 25, 2013 (Doc. 1). The regulation cited above states that the civil action must be instituted within 60 days after the Appeals Council's notice of denial of the request for review is received by the claimant. The regulation further establishes a rebuttable presumption that receipt of notice occurs within 5 days after the date of such notice unless the plaintiff makes a reasonable showing to the contrary. Leslie v. Bowen, 695 F. Supp. 504, 505 (D. Kan. 1988).

Allowing 5 days for receipt of the notice, the 65th day after October 17, 2013 would be December 21, 2013. However, December 21, 2013 fell on a Saturday. Therefore, plaintiff would have had until Monday, December 23, 2013 to file her complaint, Fed.R.Civ.P. 6(a)(1)(C), unless plaintiff is able to rebut the presumption that receipt of notice occurred within 5 days after the date of such notice.[1]

Plaintiff's counsel presented an affidavit signed by attorney Gladys Hoefer stating that she received the attached Notice of Appeals Council action (dated October 17, 2013) on

---

[1] 42 U.S.C. § 416(j) states that under any regulation issued by the Commissioner, if a period within which an act is required to be done ends on a Saturday, Sunday, legal holiday, or any other day declared to be a nonwork day for Federal employees by statute or Executive Order, then such act shall be considered as done within such period if it is done on the first day thereafter which is not a Saturday, Sunday, legal holiday, or any other day declared to be a nonwork day for Federal employees by statute or Executive Order.

October 25, 2013. She further asserts that the postmark on the envelope containing the above notice was October 22, 2013, and that Ms. Hoefer, as a matter of normal office practice, noted the date on Exhibit B. Ms. Hoefer also stated that she noted on Exhibit B the date of receipt, October 25, 2013 on the bottom on the Notice of Appeals Council action (Doc. 13-2). Exhibit B shows a handwritten notation "p/m 10-22-13" and also on the bottom is a handwritten notation "rec'd 10-25/13" (Doc. 13-1 at 1). Defendant also filed a declaration under oath from an agency official stating that the Notice of Appeals Council Action was mailed to plaintiff on October 17, 2013 (Doc. 3-1 at 3).

The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views those allegations in the light most favorable to the nonmoving party. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001).

However, Fed.R.Civ.P. 12(d) provides:

> **Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As noted above, in addition to plaintiff's complaint, the parties have presented additional evidence, including affidavits and declarations under oath. For this reason the parties are hereby notified that the court will treat defendant's motion to dismiss as a motion for summary judgment under Fed.R.Civ.P. 56.

In Leslie v. Bowen, 695 F. Supp. 504, 505 (D. Kan. 1988), plaintiff filed his complaint 71 days after the date of the Appeals Council notice denying plaintiff's request for review. The court held that an affidavit alone, without other evidence, such as a post-marked envelope, was insufficient to rebut the 5-day presumption. 695 F. Supp. at 506-507. Case law makes clear that the reasonable showing requirement is not satisfied by a claimant's or attorneys mere assertion, even in a sworn affidavit, that he received the Commissioner's notice after the five-day presumptive receipt date. See Fleming v. Commissioner of Social Security, 2012 WL 6738473 at *3 (E.D. Mich. Oct. 29, 2012)(recommendation and report collecting cases showing that affidavit alone insufficient), 2012 WL 6738475 (E.D. Mich. Dec.

31, 2012, adopting recommendation and report); Pettway v. Barnhart, 233 F. Supp.2d 1354, 1356-1357 (S.D. Ala. 2002) (collecting cases showing that affidavit alone insufficient).

In the case of Lozano v. Ashcroft, 258 F.3d 1160, 1162 (10th Cir. 2001), the Department of Justice (DOJ) had sixty days from the date it received the decision of the EEOC to modify or reject their findings. However, the DOJ did not reject the EEOC findings under 72 days after the EEOC decision letter was mailed. DOC asserted that it did not receive the EEOC findings until 15 days after the date on the decision. 258 F.3d at 1162-1163. The court stated that it had implicitly sanctioned either a 5-day or a 3-day presumption of mailing time. The court stated that the DOJ's rejection was untimely under either a 3-day or a 5-day standard. Therefore, the key question was whether the DOC successfully rebutted this presumption of delivery. 258 F.3d at 1165. The court then stated:

> Furthermore, although we will not set a bright-line measure of the weight of evidence necessary to rebut a mailing-time presumption, we note that a date stamp, even a legible original version of a date stamp, may not be sufficient. **The Second Circuit has rightly observed that date-of-receipt notations may be "self-serving" and requires further corroboration of that date by an affidavit or other admissible evidence.** Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir.1996). In determining the date of actual receipt, a court may rely upon affidavits stating personal knowledge of the receipt date. See Witt, 136 F.3d

6

>       [1424 1429-30 (10th Cir. 1998)] (where
>       document mailed on January 28, affidavit by
>       claimant stating he received it mid-March
>       sufficient to rebut five-day receipt
>       presumption).

258 F.3d at 1166 (emphasis added).

The evidence presented in the case before the court is that plaintiff's counsel presented an affidavit asserting that Notice of Appeals Council Action was postmarked on October 22, 2013 and was received on October 25, 2013, and that she noted these dates on the Notice of Appeals Council Action as a matter of normal office procedure.  Counsel also submitted the Notice of Appeals Council Action with the hand-written notations consistent with counsel's assertions in the affidavit.  Therefore, the facts of this case mirror the court's statements in Lozano and Sherlock that date-of-receipt notations require further corroboration by an affidavit or other admissible evidence in order to rebut a mailing-time presumption.  Plaintiff's counsel presented date-of-receipt notations corroborated by an affidavit.

In Lozano, although the court did not set a bright-line measurement of the weight of evidence necessary to rebut a mailing-time presumption, the court went on to say that date-of-receipt notations require further corroboration of that date by an affidavit or other admissible evidence.  In the case before the court, plaintiff presented a date-of-receipt and date-of-postmark notations, and an affidavit by counsel affirming that

7

those were the dates of receipt and the postmark date on the envelope, and that the dates were noted on the Notice of Appeals Court Action as a matter of normal office practice.  On the facts before the court, the court finds that plaintiff has rebutted the 5-day presumption with a date-of-receipt notation corroborated by an affidavit.

Plaintiff has established that the notice was postmarked on October 22, 2013 and received on October 25, 2013 by plaintiff's counsel.  Under the regulation, plaintiff had 60 days after the Notice was received to file her civil action, or until December 24, 2013.  The 5-day presumption is inapplicable because it is only a presumption of the date of receipt of the notice, and plaintiff's own evidence establishes that the Notice was received on October 25, 2013 by her counsel.  There is no evidence in the record that it was received by plaintiff at a later date.  December 24, 2013 was not a weekend or holiday, and it was not a nonwork day for Federal employees.  Thus, the 60th day was December 24, 2013.  Plaintiff did not file her complaint until December 25, 2013, or 61 days after the Notice from the Appeals Council was received by plaintiff's counsel.  The complaint was therefore filed out of time.[2]

---

[2] As in Cook v. Commissioner of Social Security, 480 F.3d 432, 437-438  (6th Cir. 2007),  the complaint was filed one day late.  As the court stated in that case, "this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits."   As this court noted in Leslie v. Bowen, 695  F. Supp. at 507, if difficulty in filing the complaint within the 60 days was anticipated, plaintiff could have sought an extension from the Appeals Council.

**II. Should the 60 day requirement be equitably tolled on the facts of this case?**

In the case of Bowen v. City of New York, 476 U.S. 467, 480, 106 S Ct. 2022, 2030, 90 L. Ed.2d 462 (1986), the court held that equitable tolling principles applied to the 60 day requirement set forth in the statute of limitations contained in § 405(g). A limitations period may be equitably tolled if the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir.2007); Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007)(in a case involving the application of equitable tolling under § 405(g), the court held that a claimant must justify her untimely filing by a showing of extraordinary circumstances); Torres v. Barnhart, 417 F.3d 276, 279 (2nd Cir. 2005)(in a case involving the application of equitable tolling under § 405(g), the court held that the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

As noted above, traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances. The court does not find that

any conduct by the agency demonstrated extraordinary circumstances to warrant equitable tolling.

Plaintiff's response included two letters from attorney Ms. Hoefer's therapist. The letter of June 11, 2014 asserts that counsel suffers from major depressive disorder (Doc. 13-3). The letter of July 1, 2014 mentioned that her symptoms "have had an effect on her day-to-day functioning at times including her ability to carry out work assignments" (Doc. 13-4).

Federal courts will apply equitable tolling because of a claimant's mental condition only in cases of profound mental incapacity such as that resulting in institutionalization or adjudged mental incompetence. O'Bryant v. Oklahoma, 2014 WL 2853773 at *4 (10th Cir. June 24, 2014). A similar standard should apply when a claimant seeks to prove that the mental incapacity of his or her attorney warrants equitable tolling. See Robertson v. Simpson, 624 F.3d 781, 785 (6th Cir. 2010).

There is no evidence that plaintiff's counsel was either institutionalized or adjudged mentally incompetent. Neither letter provides any indication of her mental condition from October through December 2013. Neither letter provides any indication that counsel's mental condition during this time period was such that it prevented her from filing a timely complaint in this case. Plaintiff has therefore failed to show

extraordinary circumstances to warrant equitable tolling of the deadline for filing the complaint in this case.

IT IS THEREFORE ORDERED that the motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or motion for summary judgment is granted.

Dated this 29th day of July 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge